LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| AMBROSIO ROJAS,<br>DOMINGO ROJAS<br>and CARLOS ROJAS,<br>*on behalf of themselves, FLSA Collective Plaintiffs*<br>*and the Class,* | Case No: |
| Plaintiffs, | |
| | **CLASS AND**<br>**COLLECTIVE ACTION**<br>**COMPLAINT** |
| v. | |
| KALESMENO CORP.<br>　　d/b/a THE FLAME DINER,<br>HELEDONA, INC.<br>　　d/b/a OLYMPIC FLAME DINER,<br>P.T.M. 44 REST. CORP.<br>　　d/b/a THE RED FLAME,<br>CVK RESTAURANT CORP.<br>　　d/b/a MURRAY HILL DINER,<br>VASILIOS KATSANOS,<br>JOHN TSINIAS,<br>ELIAS TSINIAS<br>and KONSTANTINOS KATSANOS, | |
| Defendants. | |

---

Plaintiffs, AMBROSIO ROJAS, DOMINGO ROJAS and CARLOS ROJAS

("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their

undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, KALESMENO CORP. d/b/a THE FLAME DINER, HELEDONA, INC. d/b/a OLYMPIC FLAME DINER, P.T.M. 44 REST. CORP. d/b/a THE RED FLAME, CVK RESTAURANT CORP. d/b/a MURRAY HILL DINER (the "Corporate Defendants"), VASILIOS KATSANOS, JOHN TSINIAS, ELIAS TSINIAS and KONSTANTINOS KATSANOS (together the "Individual Defendants," and collectively with the Corporate Defendants, the "Defendants") and state as follows:

**INTRODUCTION**

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.        (a) Plaintiff, AMBROSIO ROJAS, for all relevant time periods, was a resident of Queens County, New York.

(b) Plaintiff, DOMINGO ROJAS, for all relevant time periods, was a resident of Queens County, New York.

(c) Plaintiff, CARLOS ROJAS, for all relevant time periods, was a resident of Queens County, New York.

6.        The Defendants operate an enterprise comprised of four restaurants with names and addresses as follows:

(a)  The Flame Diner – 893 9th Avenue, New York, NY 10019;

(b)  Olympic Flame Diner – 200 West 60th Street, New York, NY 10023;

(c)  The Red Flame – 67 West 44th Street, New York, NY 10036; and

(d)  Murray Hill Diner – 222 Lexington Avenue, New York, NY 10016 (together, the "Restaurants")

7.        Corporate Defendants operate as a single integrated enterprise. Specifically, they are engaged in related activities, share common ownership and have a common business purpose. The Restaurants are commonly owned by the Individual Defendant, VASILIOS KATSANOS. Employees are interchangeable among the Restaurants as needed; Plaintiffs (working at "The Flame Diner") sometimes were required to substitute for absent employees at any other locations: "Olympic Flame Diner", "The Red Flame" and "Murray Hill Diner".  They were also required to transfer ingredients between all these locations. Based on Plaintiffs' observations and conversations with employees working at other locations, Defendants

implement the same employment policies and wage and hour practices among all the Restaurants.

8.    Corporate Defendants:

(a) Corporate Defendant KALESMENO CORP. d/b/a THE FLAME DINER is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 893 9th Avenue, New York, NY 10019.

(b) HELEDONA, INC. d/b/a OLYMPIC FLAME DINER is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 200 West 60th Street, New York, NY 10023 and an address for service of process located at 42-40 Bell Boulevard, Suite 403, Bayside, NY 11361.

(c) Corporate Defendant P.T.M. 44 REST. CORP. d/b/a THE RED FLAME is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 67 West 44th Street, New York, NY 10036.

(d) Corporate Defendant CVK RESTAURANT CORP. d/b/a MURRAY HILL DINER is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 222 Lexington Avenue, New York, NY 10016.

9.    Individual Defendants:

(a) VASILIOS KATSANOS is an owner and an Executive Officer of each of the Corporate Defendants. VASILIOS KATSANOS exercises operational control as it relates to all employees of all the Corporate Defendants including Plaintiffs,

4

FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to VASILIOS KATSANOS directly regarding any of the terms of their employment, and VASILIOS KATSANOS would have the authority to effect any changes to the quality and terms of all of the Corporate Defendants' employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. VASILIOS KATSANOS regularly visits the Restaurants, and he directly reprimands any employee of each of the Corporate Defendants who does not perform his or her duties correctly.

(b) JOHN TSINIAS is an owner and a principal of the Corporate Defendant, KALESMENO CORP. JOHN TSINIAS exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to JOHN TSINIAS directly regarding any of the terms of their employment, and JOHN TSINIAS would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such

5

employees. JOHN TSINIAS regularly visits the restaurant, and he directly reprimands any employee who does not perform his or her duties correctly.

(c)  ELIAS TSINIAS is a principal of the Corporate Defendant, KALESMENO CORP. ELIAS TSINIAS exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to ELIAS TSINIAS directly regarding any of the terms of their employment, and ELIAS TSINIAS would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ELIAS TSINIAS regularly visits the restaurant, and he directly reprimands any employee who does not perform his or her duties correctly.

(d) KONSTANTINOS KATSANOS is an Executive Officer of the Corporate Defendant, KALESMENO CORP. KONSTANTINOS KATSANOS exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiff and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs,

6

FLSA Collective Plaintiffs and the Class. At all times, employees could complain to KONSTANTINOS KATSANOS directly regarding any of the terms of their employment, and KONSTANTINOS KATSANOS would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. KONSTANTINOS KATSANOS regularly visits the restaurant, and he directly reprimands any employee who does not perform his or her duties correctly.

10.    At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.    At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

12.    Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including delivery persons, porters, stock persons, general helpers, counter persons, cooks, cashiers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.    At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated

7

herein are essentially the same as those of the other FLSA Collective Plaintiffs. With respect to all FLSA Collective Plaintiffs and Class members who were tipped employees comprised of delivery persons ("Tipped Subclass"), Defendants were not entitled to take any tip credits under the FLSA, because they failed to satisfy all statutory requirements for taking a tip credit.

14.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.    Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including delivery persons, porters, stock persons, general helpers, counter persons, cooks, cashiers, and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17.     The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of delivery persons ("Tipped Subclass") who also number more than forty (40). Plaintiff AMBROSIO ROJAS, DOMINGO ROJAS and CARLOS ROJAS are members of both the Class and Tipped Subclass.

18.     Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay the proper minimum wage, (ii) failing to pay overtime premium for hours worked in excess of 40 per workweek, (iii) failing to pay spread of hours premium and (iv) failing to provide proper wage notice and wage statements to employees. With regard to Plaintiff and the Tipped Subclass, Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced

and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work;

d) Whether Defendants properly notified Plaintiffs and the Class members of their hourly rate and overtime rate;

e) Whether Defendants properly provided notice to members of the Tipped Subclass that Defendants were taking a tip credit;

f) Whether Defendants provided proper wage statements informing Plaintiffs and Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements.

g) Whether Defendants took the proper amount of  tip credit allowance from Plaintiffs and Tipped Subclass members under the New York Labor Law;

h) Whether Defendants required Plaintiffs and Tipped Subclass members to perform non-tipped work for more than 20 percent of their workday;

i) Whether Defendants kept daily records of tips earned by Plaintiffs and Tipped Subclass members;

j) Whether Defendants provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law;

k) Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law;

l) Whether Defendants improperly paid Plaintiffs and Class members on a fixed salary basis, when New York State law requires that all non-exempt employees be paid on an hourly basis;

m) Whether Defendants paid Plaintiffs and Tipped Subclass members the federal and state minimum wage for all hours worked;

n) Whether Defendants properly compensated Plaintiffs and Class members for overtime under state and federal law; and

o) Whether Defendants paid the "spread of hours" premium owed to employees working more than ten hours per day as required by New York Labor Law.

**STATEMENT OF FACTS**

23.    <u>Plaintiff, Ambrosio Rojas:</u>

(a) In or about June 2009, Plaintiff AMBROSIO ROJAS was hired by Defendants to work as a delivery person, dishwasher and porter for "The Flame Diner" restaurant located at 893 9th Avenue, New York, NY 10019.  Plaintiff AMBROSIO ROJAS is currently employed by Defendants.

(b) During the employment of Plaintiff AMBROSIO ROJAS, he worked over forty (40) hours per week. From the beginning of his employment until in or about October 2015, he worked over ten (10) hours each workday.

(c) Specifically, from the beginning of his employment until in or about October 2015, Plaintiff was scheduled to work six (6) days a week: from 7:00 a.m. to 5:00 p.m., for a total of sixty (60) hours per week, without any lunch breaks. From in or about October 2015 until the present, Plaintiff has been scheduled to work six (6) days a week: from 10:00 a.m. to 6:00 p.m., for a total of forty-eight (48) hours per week, without any lunch breaks.

(d) From the beginning of his employment until in or about June 2012, Plaintiff was paid a fixed salary of $340 per week in cash. From in or about June 2012 until in or about January 2013, Plaintiff was paid a fixed salary of $360 per week in cash. From in or about January 2013 until in or about January 2014, Plaintiff was paid a fixed salary of $380 per week in cash. From in or about January 2014 until in or about January 2015, Plaintiff was paid a fixed salary of $400 per week in cash. From in or about January 2015 until in or about January 2016, Plaintiff was paid a fixed salary of $420 per week in cash. From in or about January 2016 until the present, Plaintiff has been paid a fixed salary of $440 per week in cash. Each week,

Defendants has failed to provide Plaintiff with any paystubs. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation.

24.   <u>Plaintiff, Domingo Rojas:</u>

(a) In or about February 2013, Plaintiff DOMINGO ROJAS was hired by Defendants to work as a delivery person, dishwasher and porter for "The Flame Diner" restaurant located at 893 9th Avenue, New York, NY 10019.  Plaintiff AMBROSIO ROJAS is currently employed by Defendants.

(b) During the employment of Plaintiff DOMINGO ROJAS, he has worked over forty (40) hours per week.

(c) Specifically, throughout his employment, Plaintiff has been scheduled to work six (6) days a week: from 3:00 p.m. to 11:00 p.m., for four (4) days of the week; from 10:00 p.m. to 6:00 a.m., for two (2) days of the week; for a total of forty-eight (48) hours per week, without any lunch breaks.

(d) From the beginning of his employment until in or about January 2016, Plaintiff was paid a fixed salary of $420 per week in cash. From in or about January 2016 until the present, Plaintiff has been paid a fixed salary of $440 per week in cash. Each week, Defendants has failed to provide Plaintiff with any paystubs. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation.

25.   <u>Plaintiff, Carlos Rojas:</u>

(a) In or about February 2013, Plaintiff CARLOS ROJAS was hired by Defendants to work as a delivery person and dishwasher for "The Flame Diner" restaurant located at 893 9th Avenue, New York, NY 10019.  Plaintiff CARLOS ROJAS is currently employed by Defendants.

(b) During the employment of Plaintiff CARLOS ROJAS, he has worked over forty (40) hours per week.

(c) Specifically, throughout his employment, Plaintiff has been scheduled to work from 1:00 p.m. to 10:30 p.m., six (6) days a week; for a total of fifty-seven (57) hours per week, without any lunch breaks.

(d) Throughout his employment, Plaintiff has been paid a fixed salary of $400 per week in cash. Each week, Defendants has failed to provide Plaintiff with any paystubs. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation.

26.   Other non-exempt employees worked similar hours, were similarly paid on a fixed salary basis, and were similarly not provided any paystubs.

27.   At all relevant times, Defendants paid Plaintiffs, Tipped Subclass members below the standard minimum wage.

28.   Plaintiffs and Tipped Subclass members did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiffs and Tipped Subclass members did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Further, Defendants failed to provide proper wage statements informing Plaintiffs and Tipped Subclass members of the amount of tip credit taken for each payment period.

29.   During their employment with Defendants, Plaintiffs were required to engage in various non-tipped activities, such as washing dishes, cleaning the restaurant, refilling fridges and bringing up anything the cooks need from the basement, for twenty (20) percent or more of

their workday. Based on Plaintiffs' direct observations and conversations with other employees, FLSA Collective Plaintiffs and Tipped Subclass members similarly spent at least twenty (20) percent of their workday performing such non-tipped activities.

30.   Defendants failed to keep track of the daily amount of tips received by Plaintiffs, FLSA Collective Plaintiffs and the Tipped Subclass members, and also failed to keep the proper tip records required under the FLSA and NYLL.

31.   Although Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

32.   Plaintiffs, FLSA Collective Plaintiffs and Class members had workdays that regularly exceeded ten (10) hours in length. Defendants never paid them the "spread of hours" premium as required by NYLL.

33.   Defendants willfully violated Plaintiffs, FLSA Collective Plaintiffs and Class members' rights by paying them on a fixed salary basis, in violation of the New York Labor Law because Plaintiffs, FLSA Collective Plaintiffs and Class members are non-exempt employees who must be paid on an hourly basis.

34.   Defendants failed to keep the proper employment records required under the FLSA and NYLL.

35.   Defendants unlawfully failed to pay Plaintiffs and Tipped Subclass members the Federal and State minimum wage for all hours worked. With regard to Tipped Subclass members, Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA and NYLL.

36.     Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over 40 in a workweek.

37.     Defendants unlawfully failed to pay Plaintiffs and Class members the spread of hours premium.

38.     At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage notices or wage statements as required by NYLL. Defendants failed to provide Plaintiffs and Class members with paystubs to reflect their hours worked or hourly rate.

39.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

40.     Plaintiffs reallege and reaver Paragraphs 1 through 39 of this class and collective action Complaint as if fully set forth herein.

41.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

42.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

43.     At all relevant times, each of the Corporate Defendants had gross annual revenues in excess of $500,000.00.

44.     At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and Tipped Subclass members for their hours worked. As factually described above, Defendants were not entitled to claim any tip credits under FLSA with respect to the Tipped Subclass.

45.     At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

46.     Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

48.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

49.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid

minimum wages and unpaid overtime wages, plus an equal amount as liquidated damages.

50.    Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

51.    Plaintiffs reallege and reaver Paragraphs 1 through 50 of this class and collective action Complaint as if fully set forth herein.

52.    At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

53.    Defendants willfully violated Plaintiffs' and Tipped Subclass members' rights by failing to pay them minimum wages in the lawful amount for hours worked. As factually described above, Defendants were not entitled to any tip credit under NYLL with respect to the Tipped Subclass.

54.    Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

55.    Defendants willfully violated Plaintiffs' and Class members' rights by paying them on a fixed salary basis when Plaintiffs and Class members were non-exempt employees who should have been paid an hourly rate.

56.    Defendants failed to properly notify Plaintiffs and Class members of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

57.   Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay the spread of hours premium required by state law.

58.   Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

59.   Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

60.   Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid minimum wage, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.   An award of unpaid minimum wages due under the FLSA and the New York

Labor Law;

e.      An award of unpaid spread of hours premium due under the New York Labor

Law;

f.      An award of statutory penalties as a result of Defendants' failure to comply with

New York Labor Law wage notice and wage statement requirements;

g.      An award of liquidated and/or punitive damages as a result of Defendants' willful

failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. §

216;

h.      An award of liquidated and/or punitive damages as a result of Defendants' willful

failure to pay overtime compensation, minimum wage and spread of hours

premium pursuant to the New York Labor Law;

i.      An award of prejudgment and post judgment interest, costs and expenses of this

action together with reasonable attorneys' and expert fees and statutory penalties;

j.      Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k.      Designation of this action as a class action pursuant to F.R.C.P. 23;

l.      Designation of Plaintiff as Representative of Class; and

m.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: January 10, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs
and the Class*

By: _____*/s/ C.K. Lee*_____
C.K. Lee, Esq. (CL 4086)