UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -:

AMBROSIO ROJAS, DOMINGO ROJAS, and :    17 Civ. 0164 (JCF)
CARLOS ROJAS, on behalf of          :
themselves, FLSA Collective        :      MEMORANDUM
Plaintiffs and the Class,           :      AND ORDER
                                 :
          Plaintiffs,          :
                                 :
     - against -           :
                                 :
KALESMENO CORP. d/b/a THE FLAME    :
DINER, HELEDONA, INC. d/b/a        :
OLYMPIC FLAME DINER, P.T.M. REST.   :
CORP. d/b/a THE RED FLAME, CVK     :
CORP. d/b/a MURRAY HILL DINER,     :
VASILOS KATSANOS, JOHN TSINIAS,     :
ELIAS TSINIAS, and KONSTANTINE     :
KATSANOS,                             :
                                 :
          Defendants.         :

- - - - - - - - - - - - - - - - - - -:

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/19/17

     Plaintiffs Ambrosio Rojas, Domingo Rojas, and Carlos Rojas

bring this action pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL"),

seeking compensation for wage violations allegedly committed by

their employer, Kalesmeno Corp. d/b/a The Flame Diner, as well as

various related persons and corporate entities.  The plaintiffs now

move for an order (1) conditionally certifying a collective action

pursuant to 29 U.S.C. § 216(b); (2) authorizing plaintiffs' counsel

to send notice of this action to prospective members of the

collective; (3) requiring the defendants to produce contact

information for all prospective members of the collective; (4) tolling the statute of limitations until counsel is able to send this notice to potential collective members; (5) ordering the defendants to post the plaintiffs' proposed notice in conspicuous locations at the defendants' restaurants; and (6) requiring the proposed notice be translated, posted, and mailed in Spanish. For the reasons set forth below, the plaintiffs' motion is granted in part and denied in part.

<u>Background</u>

Ambrioso, Domingo, and Carlos Rojas are employees of The Flame Diner, a restaurant located at 893 9th Avenue, New York, NY. (Complaint ("Compl."), ¶¶ 23-25). They have worked for the diner as delivery persons, dishwashers, and porters. (Compl., ¶¶ 23-25). Ambrosio was hired in June 2009, Domingo and Carlos in February 2013. (Compl., ¶¶ 23-25). The plaintiffs allege that throughout their employment they have been paid fixed, cash salaries below minimum wage. (Compl., ¶¶ 23-27). These salaries did not account for overtime, although the plaintiffs worked over forty hours per week. (Compl., ¶¶ 23-27, 31, 35). They were not provided with pay stubs. (Compl., ¶ 26). Furthermore, the plaintiffs allege that the defendants took an improper tip credit, as the plaintiffs received neither proper notice that the defendants were taking a tip credit, nor statements informing them of the amount of this

2

credit.  (Compl., ¶¶ 13, 28).  And they allege that the defendants also failed to keep track of the tips the plaintiffs and other employees received.  (Compl., ¶ 30).  The defendants also allegedly failed to pay the plaintiffs a "spread of hours" premium when their work days exceeded ten hours.  (Compl., ¶ 32).  They also did not keep proper records of the plaintiffs' employment.  (Compl., ¶ 34).

In addition to The Flame Diner, the plaintiffs have sued several individual defendants.  Vasilios Katsanos is part owner and chief executive of The Flame Diner.  (Compl., ¶ 9).  John Tsinias, Elias Tsinias, and Konstantinos Katsanos are all owners, executives, or principals of Kalesmeno Corporation, doing business as The Flame Diner. (Compl., ¶ 9).  The plaintiffs have also sued three other restaurants -- Olympic Flame Diner, The Red Flame, and Murray Hill Diner -- each of which is partially owned by Vasilios Katsanos, who is also their Executive Officer.  (Compl., ¶ 9; Declaration of Vasilios Katsanos dated May 31, 2017 ("Katsanos Decl."), ¶ 4).  Each is a separate legal entity.  The plaintiffs argue that these other entities are liable under the "single unified enterprise" theory.  (Memorandum of Law in Support of Plaintiffs' Motion for Conditional Collective Certification ("Pl. Memo."), at 2-3).

The plaintiffs initiated this action on January 10, 2017. They allege that they are entitled to (1) unpaid overtime

compensation; (2) unpaid minimum wages; (3) unpaid spread of hours premiums; (4) statutory damages; (4) liquidated damages; (5) attorneys' fees and costs; and (6) declaratory and injunctive relief. (Compl. at 20-21). The plaintiffs have sued on behalf of themselves, a putative collective of all non-exempt employees under 29 U.S.C. § 216(b), and a putative class of employees under Rule 23 of the Federal Rules of Civil Procedure. (Compl., ¶¶ 12-22). The plaintiffs now seek collective action status for "all non-exempt employees, including servers, bussers, delivery persons, porters, food preparers, dishwashers, cooks and cashiers, employed by Defendants at each of their restaurants within the last six (6) years . . . ." (Pl. Memo. at 1). The defendants oppose conditional certification, as well as the plaintiffs' proposed notice, request for equitable tolling, posting of the notice at the restaurants, and the request to produce information.

Discussion

    A.   <u>Conditional Certification</u>

        1.   <u>Standard of Review</u>

The plaintiffs seek conditional certification of a collective action comprising all non-exempt employees at all four restaurants. (Pl. Memo. at 1). Failing that, they request certification of the non-exempt employees at The Flame Diner. (Reply Memorandum of Law in Support of Plaintiff's Motion for Conditional Collective

Certification ("Reply") at 11-12).  In addition to disputing the merits of the plaintiffs' claims, the defendants oppose the motion arguing that the plaintiffs have failed to demonstrate that the prospective collective action members are similarly situated to the named plaintiffs.  (Memorandum of Law in Opposition to Plaintiffs' Motion for Conditional Certification ("Def. Memo.") at 6).

An FLSA plaintiff may elect to seek certification of a collective action, a process that consists of two stages.[1]  Jeong Woo Kim v. 511 E. 5th Street, LLC, 985 F. Supp. 2d 439, 445 (S.D.N.Y. 2013).  At the first stage -- the current stage of this litigation -- the "court makes 'an initial determination to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to whether a FLSA violation has occurred.'"  Garcia v. Chipotle Mexican Grill, Inc., No. 16 Civ. 601, 2016 WL 6561302, at *3 (S.D.N.Y. Nov. 4, 2016)

---

[1] The plaintiffs argue that the Court should follow Turner v. Chipotle Mexican Grill, Inc., 123 F. Supp. 3d 1300 (D. Colo. 2015). (Pl. Memo. at 10-15). The Turner court found that the two step process is inappropriate and that allowing simple permissive joinder is the correct approach to Section 216(b) collectives. Turner, 123 F. Supp. 3d at 1305-09.  But the plaintiffs also explicitly recognize that this is contrary to the long established practice in the Second Circuit. (Pl. Memo. at 14; Reply at 1-2). And other courts in our district and throughout this Circuit have rejected calls to adopt the Turner approach.  See Gomez v. Terri Vegetarian LLC, No. 17 Civ. 213, 2017 WL 2628880, at *1 n.1 (S.D.N.Y. June 16, 2017); Augustyniak v. Lowe's Home Center, LLC, No. 14 CV 488, 2016 WL 462346, at *2 (W.D.N.Y. Feb. 8, 2016). Accordingly I decline to apply Turner.

(quoting Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010)).
"At the second stage, the district court will, on a fuller record,
determine whether a so-called 'collective action' may go forward by
determining whether the plaintiffs who have opted in are in fact
'similarly situated' to the named plaintiffs." Agerbrink v. Model
Services LLC, No. 14 Civ. 7841, 2016 WL 406385, at *1 (S.D.N.Y.
Feb. 2, 2016) (quoting Myers, 624 F.3d at 555)).  At that point,
the district court typically looks to the "(1) disparate factual
and employment settings of the individual plaintiffs; (2) defenses
available to defendants which appear to be individual to each
plaintiff; and (3) fairness and procedural considerations
counseling for or against [collective action treatment]." Zivali
v. AT&T Mobility, LLC, 784 F. Supp. 2d 456, 460 (S.D.N.Y. 2011)
(alteration in original) (quoting Laroque v. Domino's Pizza, LLC,
557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008)).

     The standard at the first stage is not stringent.  All that is
required is a "'modest factual showing' based on the 'pleadings and
affidavits' that the putative class members were 'victims of a
common policy or plan that violated the law.'" Fernandez v. Sharp
Management Corp., No. 16 CV 551, 2016 WL 5940918, at *2 (S.D.N.Y.
Oct. 13, 2016) (quoting Cardenas v. AAA Carting, No. 12 Civ. 7178,
2013 WL 4038593, at *1 (S.D.N.Y. Aug. 9, 2013)); accord Bittencourt
v. Ferrara Bakery & Cafe Inc., 310 F.R.D. 106, 111 (S.D.N.Y. 2015).

But while the burden is low, "certification is not automatic." Raniere v. Citigroup Inc., 827 F. Supp. 2d 294, 320 (S.D.N.Y. 2011), rev'd on other grounds, 553 F. App'x 11 (2d Cir. 2013). "Conclusory allegations are not sufficient to support a motion for conditional collective action certification." Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016).

To meet this burden, the plaintiffs' own declarations or the declarations of other potential class members are sufficient. Trinidad v. Pret a Manger (USA) Ltd., 962 F. Supp. 2d 545, 557-58 (S.D.N.Y. 2013). Indeed, courts have granted motions for conditional certification where only one plaintiff submitted a declaration. See Bittencourt, 310 F.R.D. at 115; Mata v. Foodbridge LLC, No. 14 Civ. 8754, 2015 WL 3457293, at *3 (S.D.N.Y. June 1, 2015); Khamsiri v. George & Frank's Japanese Noodle Restaurant Inc., No. 12 Civ. 265, 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012). A court "need not evaluate the underlying merits of a plaintiff's claims to determine whether the plaintiff has made the minimal showing necessary for court-authorized notice," Damassia v. Duane Reade, Inc., No. 04 Civ. 8819, 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006), nor "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations," Cunningham v. Electronic Data Systems Corp., 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010) (quoting Lynch v.

7

United Services Automobile Association, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)).

                    2.   The Flame Diner

      The plaintiffs have established that the non-exempt employees at The Flame Diner are similarly situated. The declarations of the three named plaintiffs demonstrate the required factual nexus between their claims and the claims of the putative collective action members employed at The Flame Diner. See Mentor v. Imperial Parking Systems, Inc., 246 F.R.D. 178, 181 (S.D.N.Y. 2007) (declarations outlining brief description of alleged consistent FLSA violations sufficient to establish common policy or plan). The declarations of all three plaintiffs state that they were not paid overtime premiums, nor provided wage and hour notices, notices of a tip credit, or wage statements. (Declaration of Ambrosio Rojas dated November 1, 2016 ("A. Rojas Decl."), ¶¶ 5-10, Declaration of Carlos Rojas, dated November 1, 2016 ("D. Rojas Decl."), ¶¶ 5-10, Declaration of Domingo Rojas, dated November 1, 2016 ("D. Rojas Decl."), ¶¶ 5-10.

      Furthermore, each plaintiff states that he has learned that other employees are subject to these policies through personal observation and conversations with those employees. (A. Rojas Decl., ¶¶ 4-11, C. Rojas Decl., ¶¶ 4-11, D. Rojas Decl., ¶¶ 4-11). They provide a list of one dozen fellow employees to whom they

8

spoke regarding pay polices. (A. Rojas Decl., ¶ 4, C. Rojas Decl., ¶ 4, D. Rojas Decl., ¶ 4). From these conversations, the plaintiffs learned that these other employees were subject to the same treatment. (A. Rojas Decl., ¶ 4, C. Rojas Decl., ¶ 4, D. Rojas Decl., ¶ 4). At the first stage, these sorts of declarations describing conversations with co-workers "[are] sufficient to establish a factual nexus between Plaintiffs and [putative collective action members]." Sanchez v. El Rancho Sports Bar Corp., No. 13 Civ. 5119, 2014 WL 1998236, at *2 (S.D.N.Y. May 13, 2014). These allegations are specific, non-conclusory, and properly allege the existence of a common plan and similarly-situated plaintiffs. Cf. Morales v. Plantworks, Inc., No. 05 Civ. 2349, 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006) (finding plaintiffs had not met burden when they did not allege common policy or plan or reference any other employees).

The defendants argue that the motion should be denied because the list of employees in the declarations does not include their last names. (Def. Memo. at 5). However, at this stage, such detail is not necessary to conditional certification. See Serebryakov v. Golden Touch Transportation of NY, Inc., 181 F. Supp. 3d 169, 172, 175 (E.D.N.Y. 2016) (plaintiffs met initial burden despite not providing last names of co-workers with whom they conversed); Rivera v. Harvest Bakery, Inc., No. 13 Civ. 691,

2014 WL 3611831, at *4 (E.D.N.Y. July 7, 2014) (same); Jeong Woo Kim, 985 F. Supp. 2d at 444 n.2, 451 (same). And the fact that the plaintiffs do not have complete information for their co-workers is precisely why they are requesting that the defendants produce this data.

The defendants also argue that the other employees at The Flame Diner are not similarly situated because they have different titles and responsibilities from the named plaintiffs. (Def. Memo at 6). But the plaintiff need not show that all proposed collective action members held identical jobs or were subject to identical treatment; rather, certification is appropriate "where all putative class members are employees of the same [] enterprise and allege the same types of FLSA violations." Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007). Despite the differences in titles and responsibilities, the plaintiffs have demonstrated that these potential opt-in plaintiffs are similarly situated with respect to the claims. See Walston v. Edward J. Young, Inc., No. 15 CV 457, 2016 WL 3906522, at *6 (E.D.N.Y. Feb. 22, 2016) (collective action appropriate despite opt-in plaintiffs having different titles and job responsibilities); Guaman v. 5 M Corp., No. 13 Civ. 3820, 2013 WL 5745905, at *4 (S.D.N.Y. Oct. 23, 2013) ("In the Second Circuit, courts routinely find employees similarly situated 'despite not

occupying the same positions or performing the same job functions
in the same locations, provided that they are subject to a common
unlawful policy or practice.'") (quoting Summa v. Hofstra
University, 715 F. Supp. 2d 378, 390 (E.D.N.Y. 2010))); Cano v.
Four M Food Corp., No. 08 CV 3005, 2009 WL 5710143, at *7 (E.D.N.Y.
Feb. 3, 2009) ("It is not necessary for the purposes of conditional
certification that the prospective class members all performed the
same duties, or worked during the same time periods, or worked at
the same locations as the named plaintiffs.").

      2.   Other Restaurants

"In this Circuit, courts have regularly found named plaintiffs
to be similarly situated to employees at locations where they did
not work, provided that the plaintiffs demonstrate that they were
all subject to the same allegedly unlawful policy or practice."
Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 662 (S.D.N.Y. 2013).
To make this determination "[c]ourts consider whether the
plaintiffs have made an adequate factual showing to support an
inference that such a uniform policy or practice exists, and
whether the locations share common ownership or management." Id.

The plaintiffs argue that the defendants are a single
integrated enterprise. (Pl. Memo. at 2-3). "Whether or not
Defendants operated as a single enterprise is a complicated and
fact-specific inquiry that is not properly determined at the class

certification stage." <u>Tiro v. Public House Investments, LLC</u>, 288 F.R.D. 272, 279 (S.D.N.Y. 2012).  The question at this juncture is not whether the restaurants were part of the same enterprise, but rather whether there was a "uniform policy or practice." <u>Hamadou</u>, 915 F. Supp. 2d at 662. Here, the plaintiffs have presented no evidence to that effect.

The plaintiffs do not claim to know the payroll systems and policies at the other restaurants.  While they claim that they know from personal observations and conversations that other employees at The Flame Diner were subject to similar treatment (A. Rojas Decl., ¶¶ 4-11, C. Rojas Decl., ¶¶ 4-11, D. Rojas Decl., ¶¶ 4-11), they do not allege to have conversed with employees at the other restaurants.  The plaintiffs' mere belief that the policies are the same at the other restaurants is insufficient to justify collective action certification. <u>See</u> <u>Apolinar v. R.J. 49 Restaurant, LLC</u>, No. 15 CV 8655, 2016 WL 2903278, at *7 (S.D.N.Y. May 18, 2016) ("plaintiffs' own experiences [working at one location] says [sic] nothing about the existence of illegal employment policies at other [] locations"); <u>Monger v. Cactus Salon & Spa's LLC</u>, No. 08 CV 1817, 2009 WL 1916386, at *2 (E.D.N.Y. July 6, 2009) (plaintiffs' belief that other locations were subject to same policy insufficient to certify collective action); <u>Bernard v. Household International, Inc.</u>, 231 F. Supp. 2d 433, 435-36 (E.D.

12

Va. 2002) (rejecting extension of collective action to locations where plaintiffs did not work given lack of evidence and specific allegations regarding practices at those locations).

The plaintiffs claim that they were "regularly required to transfer ingredients and supplies among the restaurants." (A. Rojas Decl., ¶ 2, C. Rojas Decl., ¶ 2, D. Rojas Decl., ¶ 2). This, however, provides no evidence of unified payroll policies. Brief and incidental interactions with other locations do not mean the plaintiffs have shown that these employees are similarly situated. Espinoza v. 953 Associates LLC, 280 F.R.D. 113, 126 (S.D.N.Y. 2011). The plaintiffs also allege that the restaurants have a common ownership group. (Compl., ¶¶ 7, 9). But "evidence of common ownership is not evidence that the same unlawful employment policy was in place at each of the [] restaurants." Guamann, 2013 WL 5745905, at *3.

The Complaint also alleges that the plaintiffs "sometimes were required to substitute for absent employees [at the other locations]." (Compl., ¶ 7). However, this allegation is not supported by any of the plaintiffs' declarations, nor is it cited in their brief on this motion. And, other than conclusory, unsupported claims in the Complaint (Compl., ¶ 9), the plaintiffs make no showing that Mr. Katsanos or any other manager directly oversaw all of the restaurants. Cf. Cheng Chung Liang v. J.C.

13

Broadway Restaurant, Inc., No. 12 Civ. 1054, 2013 WL 2284882, at *1
(S.D.N.Y. May 23, 2013) (single supervisor over multiple
restaurants "provides adequate evidence to indicate that employees
at other restaurants controlled by defendants may be similarly
situated"). The plaintiffs' declarations provide no additional
information tending to demonstrate a common policy across the
locations. Cf. Qing Tian Zhuo v. Jia Xing 39th Inc., No. 14 CV
2848, 2015 WL 1514950, at *4 (S.D.N.Y. April 1, 2015) (certifying
collective action over multiple locations based on affidavit where
employee testified to common ownership, management, and specific
personal conversations with employees working at other locations).
The plaintiffs' burden may be low at this stage of litigation, but
"it is not non-existent." Romero v. H.B. Automotive Group, Inc.,
No. 11 Civ. 386, 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012).
They have failed to meet that burden with regard to the other
restaurants.

  B.  Notice

    Although 29 U.S.C. § 216(b) does not expressly provide for
notice to potential opt-in plaintiffs, it is well settled that a
court may authorize such notice. Cohen v. Gerson Lehrman Group,
Inc., 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010). "'When exercising
its broad discretion to craft appropriate notices . . . , District
Courts consider the overarching policies of the collective suit

provisions' and ensure that putative plaintiffs receive 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'" <u>Bittencourt</u>, 310 F.R.D. at 116 (quoting <u>Fasanelli</u>, 516 F. Supp. 2d at 323).  Notice prevents the "erosion of claims due to the running statute of limitations" and promotes "judicial economy."  <u>Hernandez v. Bare Burger Dio Inc.</u>, No. 12 Civ. 7794, 2013 WL 3199292, at *5 (S.D.N.Y. June 25, 2013) (quoting <u>Khamsiri</u>, 2012 WL 1981507, at *1).

     1.  <u>Content</u>

The plaintiffs have submitted a proposed notice and opt-in consent form.  (Proposed Notice of Pendency of Lawsuit Regarding Wages, attached as Exh. A to Pl. Memo).  The defendants raise several concerns with the content of the plaintiffs' proposed notice.  (Def. Memo. at 7-9).  The plaintiffs now suggest they meet and confer with the defendants to resolve these details.  (Reply at 13).  Accordingly, I order the parties to meet, confer, and submit a joint proposed notice within fourteen days of the entry of this Memorandum and Order.  If there are still disagreements, each party will provide a letter explaining the disagreements and reasons for their preferences.

     2.  <u>Notice Period</u>

The defendants assert that notice should be sent only to

15

workers employed within three years of the filing of the complaint because that is the limitations period under the FLSA, while the plaintiffs assert that the relevant period for notice should be six years because they have also asserted claims under the NYLL, which has a six-year statute of limitations.  There is a split in this Circuit as to whether the covered period for collective action notice should be three years or six years when NYLL claims are alleged.  See Romero v. La Revise Associates, L.L.C., 968 F. Supp. 2d 639, 649 (S.D.N.Y. 2013); Trinidad, 962 F. Supp. 2d at 563 (collecting cases).

Courts applying the three-year period reason that, where no New York state class action has been certified, "[t]hree years is the maximum time period to join an FLSA collective action . . . . If and when a class is certified under New York law, class members will receive notice at that time through the class action notification process." Romero, 968 F. Supp. 2d at 648-49; see also Garcia, 2016 WL 6561302, at *9 (holding that three-year covered period was appropriate when plaintiff had not moved for certification of NYLL claim).  Additionally, using a six-year period may cause confusion to "plaintiffs who potentially have two disparate claims with different statutes of limitations," and it may be inefficient to provide "notice to plaintiffs whose claims may well be time-barred." Trinidad, 962 F. Supp. 2d at 564.

16

The rationale for approving a six-year window is that it is efficient to provide "notice to plaintiffs with FLSA claims who may also have NYLL claims subject to a six-year statute of limitations." Id. Additionally, six years may be appropriate when the potential class is not very large and the notice itself mitigates possible confusion. Benavides, 166 F. Supp. 3d at 484-85.

The three-year period more effectively serves the goal of efficiency in this case and will avoid confusing individuals whose claims arise only under the NYLL, that is, those whose employment ended more than three but less than six years before the complaint was filed.  Therefore, notice will be sent to all non-exempt employees who worked at The Flame Diner in the three year-period before the filing of the complaint.

### 3.   Posting of Notice

The plaintiffs ask that the Court order the defendants to post the notice in "conspicuous locations" at the defendants' restaurants.  The defendants object, claiming that "[p]osting notice is not necessary where defendants provide sufficient contact information for potential collective members." (Def. Memo. at 9). This is perplexing given that they state on the very next page of their brief that they may be unable to provide sufficient contact information for potential collective members.  (Def. Memo. at 10).

17

Furthermore, "[c]ourts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." Whitehorn, 767 F. Supp. 2d at 449 (collecting cases).  "Posting notice in the workplace maximizes potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in." Mendoza, 2013 WL 5211839, at *9. There is no evidence that posting such a notice will be particularly burdensome.  Thus, the defendants shall post the notice in a common, non-public employee space at The Flame Diner.

      4.  <u>Translation of Notice</u>

The plaintiff has proposed translating the notice and consent form into Spanish.  (Pl. Memo. at 23).  The defendants do not object.  Accordingly, the notice and consent form, when completed and agreed upon, shall be translated into Spanish, and both the English and Spanish versions shall be mailed and posted. See <u>Colon v. Major Perry Street Corp.</u>, No. 12 Civ. 3788, 2013 WL 3328223, at *8 (S.D.N.Y. July 2, 2013) ("[N]otice may be translated into the mother tongue of non-English speaking groups of potential plaintiffs.").  The plaintiffs' shall file a certification from the interpreter attesting to the accuracy of the translation.

C.   Equitable Tolling

The plaintiffs request that the FLSA statute of limitations be tolled until they are able to send notice to potential opt-in plaintiffs. (Pl. Memo. at 23-24). "Unlike Rule 23 class actions, in a FLSA collective action, the limitations period continues to run for each plaintiff until he or she files written consent with the court to join the lawsuit." Jackson v. Bloomberg, 298 F.R.D. 152, 170 (S.D.N.Y. 2014). "A statute of limitations may be tolled as necessary to avoid inequitable circumstances." Iavorski v. U.S. I.N.S., 232 F.3d 124, 129 (2d Cir. 2000). "The Second Circuit has cautioned that the doctrine should be invoked 'only in rare and exceptional circumstances.'" Mendoza v. Ashiya Sushi 5, Inc., No. 12 Civ. 8629, 2013 WL 5211839, at *10 (S.D.N.Y. Sept. 16, 2013) (quoting Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 80 (2d Cir. 2003)).

The plaintiffs offer no justification for this request. And there are no special circumstances such as a delay in deciding the pending motion that would make equitable tolling appropriate. Cf. Jackson, 298 F.R.D. 152, 170-71 (seven-month delay in court deciding motion justified equitable tolling). At this point "it is not yet clear whether or not any potential plaintiffs will be barred from this action due to a delay in notice." Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 450 (S.D.N.Y.

19

2011).  To the extent that there are opt-in plaintiffs who would be barred, the Court will consider applications for equitable tolling on an individual basis.  See id.; Mendoza, 2013 WL 5211839, at *10.

     D.   Production of Employee Contact Information

To  facilitate  the  dissemination  of  notice  to  prospective collective action members, the plaintiffs have requested that the Court order the defendants to produce "the names, social security numbers,  titles,  compensation  rates,  dates  of  employment,  last known  mailing  addresses  and  all  known  telephone  numbers  of  all Covered Employees."  (Proposed Order, ¶ 4).

Based  on  the  broad  remedial  purposes  of  the  FLSA,  district courts  have  substantial  discretion  to  authorize  notice  and discovery in FLSA actions.  See Hoffmann-La Roche Inc. v. Sperling, 493  U.S.  165,  172-73  (1989)  (authorizing  district  court's involvement  in  issuance  of  notice  in  FLSA  collective  action  so  as to  enforce  statute's  "broad  remedial  goal");  accord  Lynch,  491  F. Supp. 2d at 367.  It is appropriate here to order the defendants to provide  to  plaintiffs'  counsel  the  contact  information  of  all potential  opt-in  plaintiffs.   See  Whitehorn  v.  Wolfgang's Steakhouse,  Inc.,  No.  09  Civ.  1148,  2010  WL  2362981,  at  *3 (S.D.N.Y. June 14, 2010) (allowing pre-certification discovery and ordering production of putative class members' names, addresses, and last known telephone numbers).  "In selecting the manner of

issuing the notice, this court must strike the appropriate balance in ensuring notification to [potential class members] while minimizing disturbance to [defendants'] business." Hallissey v. America Online, Inc., No. 99 Civ. 3785, 2008 WL 465112, at *3 (S.D.N.Y. Feb. 19, 2008).

Courts in this district and throughout the Second Circuit have repeatedly emphasized the importance of discovery of the email addresses and telephone numbers of putative collective members. See Melgadejo v. S&D Fruits & Vegetables Inc., No. 12 Civ. 6852, 2013 WL 5951189, at *7 (S.D.N.Y. Nov. 7, 2013) ("Disclosure of the names, addresses, telephone numbers and email addresses of putative class members is commonplace in this district because such information is essential to identifying and notifying potential opt-in plaintiffs"); In Re Penthouse Executive Club Compensation Litigation, 2010 WL 4340255, at *5-6 (production of names, addresses, telephone numbers "essential to identifying potential opt-in plaintiffs and should be disclosed"). The only claim of burden asserted by the defendants is that it would be difficult to coordinate the collection of data from all the restaurants, but this objection is moot as the collective has been limited to employees of The Flame Diner. (Katsanos Decl., ¶ 13).

Although the defendants do not specifically oppose the request to produce social security numbers, I nevertheless conclude that

21

this measure is unnecessary at this time.  See generally Guan Ming Lin v. Benihana National Corp., 755 F. Supp. 2d 504, 514-15 (S.D.N.Y. 2010) (denying request to release social security numbers citing privacy concerns and absence of compelling need, and collecting authority).  If a significant number of notices are returned as undeliverable, the plaintiffs can request more information that would facilitate tracing former employees.  See Iriarte v. Café 71, Inc., No. 15 Civ. 3217, 2015 WL 8900875, at *6 (S.D.N.Y. Dec. 11, 2015); Fa Ting Wang v. Empire State Auto Corp., No. 14 CV 1491, 2015 WL 4603117, at *16 (S.D.N.Y. July 28, 2015).

Accordingly, the defendants shall provide the plaintiffs with a list of names, titles, compensation rates, last known mailing addresses, email addresses, telephone numbers, and dates of employment for all non-exempt workers at The Flame Diner for the three years prior to the filing of the complaint.  If the defendants do not have complete information with regard to certain employees, they shall so indicate in their production. This list shall be furnished within thirty days of the entry of this Memorandum and Order.  To the extent that the parties have not previously entered into a stipulation and order of confidentiality, they shall do so for this purpose.

Conclusion

For the reasons set forth above, Plaintiff's motion for

conditional collective action certification under Section 216(b) of the FLSA (Docket No. 37) is granted in part and denied in part.

The Court grants conditional certification of the FLSA claim as a representative collective action pursuant to 29 U.S.C. § 216(b) on behalf of all non-exempt employees (including servers, delivery persons, porters, food preparers, dishwashers, cooks, and cashiers) of The Flame Diner between January 10, 2014 and the present.

The parties shall meet and confer and submit a revised notice within fourteen days of the entry of this Memorandum and Order. Upon approval, this notice shall be translated into Spanish.

Within thirty days, the defendants shall produce a list of names, titles, compensation rates, last known mailing addresses, email addresses, telephone numbers, and dates of employment for all non-exempt workers at The Flame Diner for the three years prior to the filing of the complaint.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         July 19, 2017

Copies transmitted this date:

C.K. Lee, Esq.
Anne M. Seelig, Esq.
Lee Litigation Group, PLLC
30 East 39th Street
2nd Floor
New York, NY 10016

Michael P. Giampilis, Esq.
Law Offices of Michael P. Giampilis P.C.
94 Willis Avenue
Mineola, NY 11501